

COMMISSIONER OF FINANCIAL REGULATION
# ADVISORY NOTICE 05-10

**THE MARYLAND STATE COLLECTION AGENCY LICENSING BOARD ADVISORY**

**Purchasers of Consumer Claims in Default**
**May 5, 2010**

This Advisory addresses the licensing requirements relating to persons who acquire consumer claims[1] which are in default at the time of acquisition ("Consumer Debt Purchasers") and collect debt through civil litigation.

**Background Information**

It has come to the attention of the State Collection Agency Licensing Board ("Board") that certain Consumer Debt Purchasers allege confusion about whether they are required to be licensed as collection agencies when they collect consumer claims through civil litigation. In particular, certain Consumer Debt Purchasers claim that they relied on a June 20, 2007 letter issued by the Board's Administrator in concluding that it is not necessary to be licensed as a collection agency in order to collect in civil litigation a consumer claim purchased in default, provided the case is handled by an attorney duly licensed as a Maryland collection agency.

**Licensing Required**

The Board wishes to clarify that it has been its consistent position that a Consumer Debt Purchaser that collects consumer claims through civil litigation is a "collection agency" under Maryland law and required to be licensed as such, regardless of whether an attorney representing the Consumer Debt Purchaser in the litigation is a licensed collection agency. Annotated Code of Maryland, Business Regulation Article ("BR") § 7-101(c).

**Compliance with Licensing Requirements**

Notwithstanding the Board's foregoing position on the need for licensing, the Board acknowledges the claims of confusion on this issue resulting from the June 20, 2007 letter by some Consumer Debt Purchasers in deciding not to become licensed.

---

[1] A "consumer claim" means a claim that "(1) is for money owed or said to be owed by a resident of [Maryland]; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Annotated Code of Maryland, Business Regulation Article § 7-101(e).

Exhibit 1

The Board further acknowledges the desire of these Consumer Debt Purchasers to promptly obtain collection agency licenses so that they may be in compliance with the law. To facilitate the prompt licensing of these Consumer Debt Purchasers, the Board states the following policy:

1. The Board will not deem it a bar to licensure where, prior to September 1, 2010, an unlicensed Consumer Debt Purchaser has engaged in civil litigation to collect a consumer claim purchased while in default, provided (i) the Consumer Debt Purchaser was represented in any action by an attorney who is duly licensed as a Maryland collection agency, and (ii) the Consumer Debt Purchaser applies for a license on or before August 31, 2010.

2. The Board will not bring an action against a Consumer Debt Purchaser solely for failing to be licensed while engaging as a plaintiff in civil litigation, provided the Consumer Debt Purchaser applies for a license on or before August 31, 2010. For a Consumer Debt Purchaser that applies for a collection agency license on or before August 31, 2010, this policy will be in effect until such time as the Board makes a decision on the license application or it is withdrawn by the applicant.

3. The Board reserves its right to bring an action against a Consumer Debt Purchaser for other violations of law committed in connection with collection activities, regardless of whether the person was licensed at the time of the violation.

PENALTIES: Consumer Debt Purchasers that fail to become licensed as set forth above may be subject to prosecution and sanctions under BR § 7-401.