FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 MAR 10  A 11: 29

CLERK'S OFFICE
AT BALTIMORE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division - Baltimore)

DELVELL JOHNSON, *ET AL.*

    Plaintiffs

v.                        Civil Case Number: 09–02391 - ELH

MIDLAND FUNDING, LLC

    Defendant

### FINAL ORDER AND JUDGMENT

On March 10, 2011 a hearing was held to determine 1) whether for purposes of settlement this action should be finally certified as a class action pursuant to Rule 23 (a) and (b)(3) on behalf of the Settlement Class, which consists of a Class, as defined in this Court's Order Preliminarily Certifying Settlement Class and Granting Preliminary Approval of Proposed Class Settlement ("Preliminary Approval Order") dated June 14, 2010 (Paper No. 26); (2) whether the terms and conditions of the Stipulation of Settlement (the "Settlement"), are fair, reasonable and adequate for the settlement of the Released Claims (as defined in the Settlement) asserted by the Settlement Class against the Defendant in this action and the release of the Released Persons (as defined in the Settlement) should be approved; (3) whether judgment should be entered dismissing this action with prejudice in favor of the Defendant and the other Released Persons (as defined in the Settlement) and against all persons who are members of the Class certified in the Preliminary Approval Order and who have not requested exclusion therefrom; and (4) the amount to be awarded to the Class Representatives as an incentive payment and

1

the amount of attorneys' fees and costs to be awarded to Class Counsel. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the Settlement, relevant deadlines and final fairness hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable who met the definition of the Class, at the respective addresses set forth in Defendant's records; and the Court having considered and determined the fairness, adequacy and reasonableness of the relief provided to the Settlement Class under the Settlement and of the requested award for Class Counsel's legal fees and expenses:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; that questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; that the claims of the Class representatives are typical of the claims of the Class; that the Class Representatives and Class Counsel fairly and adequately protect the interests of the Class. In appointing Class Counsel, I have considered the work counsel has done in identifying or investigating potential claims in the action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of Peter A. Holland of Holland Law Firm, PC.,

        Scott C. Borison and Phillip R. Robinson, Of Counsel, of Legg Law Firm, LLC, ~~and Michael C. Morin~~ [Roo] as Class Counsel.

2. That the settlement of this action on a classwide basis is an appropriate and superior method for the fair and efficient adjudication of the claims against the Defendant and other Released Persons.

3. This action may be maintained as a class action pursuant to Rule 23 (a) and (b)(3) for the purpose of this Settlement.

4. The determinations with respect to class certification are without prejudice to Defendant's right to contest class certification in this action in the event that either the Settlement or this Order and Final Judgment is terminated or invalidated for any reason prior to the Effective Date.

5. The Settlement Class is defined as:

    all natural persons who reside in Maryland and who have been the subject of consumer debt collection efforts by Midland within three years immediately preceding the filing of this class action up to January 15, 2010, that included the filing of an action before a Court of the State of Maryland, and no judgment has been entered against that person, but excluding persons who settled or otherwise resolved the lawsuits.

6. The claims resolved by this class settlement are Claims under the Fair Debt Collection Practices Act., the Maryland Consumer Protection Act and the Maryland Consumer Debt Collections Act ( the "Claims").

7. The terms and conditions of the Settlement constitute a good faith

3

    compromise of disputed claims and defenses and are the product of arm's length bargaining among the Parties. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement Class and the Parties are directed to consummate the Settlement in accordance with its terms and provisions.

8.  The Notice which has been given is the best notice practicable under the circumstances, consisting of individual mail notice to all members of the Class who could be identified by Defendant based on its reasonably available records and sources. The Court finds that the Notice fully and accurately informed the Settlement Class of all relevant and material elements of the Settlement and afforded members of the Settlement Class adequate time to decide whether to participate or opt out of the proposed Settlement. The notice given satisfies the requirements of due process and Rule 23.

9.  All claims in this action are hereby dismissed in entirety on the merits and <u>with prejudice</u> and without costs, except as provided herein, as against the Defendant. Members of the Settlement Class and their heirs, executors, administrators, representatives, agents, successors, predecessors-in-interest, and assigns are hereby bound by this judgment and are permanently and conclusively barred and enjoined from instituting, commencing or prosecuting, either directly,

indirectly, representatively, or in any other capacity, any Claims as defined in the Settlement against any Released Party for which a release and covenant not to sue was given~~, under paragraphs 38 and 41 of the Settlement~~ *MS*. All of the Released Claims as defined in the Settlement are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. The Court finds that the Defendant is enjoined from taking any action prohibited by its covenants as set forth in the Stipulation of Settlement.

11. Any party willfully violating the Court's injunction is hereby ordered to pay the costs and attorneys' fees incurred by any Class Member or the Defendant as a result of a violation of the Court's injunction.

12. The Court finds that the sums of $2,000 to Plaintiff Johnson and $2,500 to Plaintiff Roarty are fair and reasonable amounts to be paid to them and hereby approves and directs the Defendant to make that payment in accordance with the terms of the Stipulation of Settlement.

13. The Court finds the sum of $ _130,000_ to Class Counsel for attorneys' fees and costs is fair and reasonable amount based upon the relief and benefits obtained for the Class and hereby approves and directs the Defendant to make that payment in accordance with the

5

        terms of the Stipulation of Settlement.

14. All payments from the common fund shall be made as set forth in the Stipulation of Settlement.

15. The Court further finds that any residue of the common fund shall be contributed to the University of Maryland Baltimore Foundation, Inc. (UMB Foundation) to benefit the Maryland Public Interest Law Project, Inc. (MPILP) (both the UMB Foundation and MPILP are affiliated with the University of Maryland School of Law (UMD Law)). The award shall be for the purpose of establishing three to four summer grants to UMD Law students to work with legal service agencies on Maryland's Eastern Shore for at least the next five years in honor of Alexander Gordon, IV. These funds are not intended to supplant the traditional commitment of UMD Law to MPILP and are solely intended to expand MPILP opportunities to Maryland's Eastern Shore for as long as the funds are available.

16. There have been no objections filed.

17. If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

18. Without affecting the finality of this judgment, this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Settlement and this

Order and Final Judgment.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

20. The persons on Exhibit A have requested exclusion from the Settlement Class in writing and have not subsequently retracted their request for exclusion in writing and, therefore, are not members of the Settlement Class whose rights are adjudicated herein.

**IT IS SO ORDERED.**

MARCH 10, 2011

*Richard D. Bennett*
Richard D. Bennett
Judge, United States District Court
for the District of Maryland

7